UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS MCDONOUGH, JR.,

     Plaintiff,

     v.

SCRANTON SCHOOL DISTRICT,

     Defendant.

CIVIL ACTION NO. 3:25-CV-2442

(SAPORITO, J.)

## MEMORANDUM

On December 17, 2025, the plaintiff, Thomas McDonough, Jr., filed this action against the Scranton School District (the "District") concerning the plaintiff's alleged wrongful discharge from his employment for having a registered weapon in his locked vehicle in the employee parking lot. (Doc. 1). The plaintiff brings a Fourteenth Amendment "stigma-plus" procedural due process claim[1] and a claim for state law defamation against the District. Now before the court is the District's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 6). The parties have briefed the motion (Doc. 7;

---

[1] While both parties treat this claim as a Fourteenth Amendment "stigma-plus" claim, the complaint as written does not clearly indicate whether the plaintiff has actually asserted such a claim.

Doc. 9; Doc. 10) and it is now ripe for review.

## I.   Background[2]

While the plaintiff's complaint lacks many details, his allegations are summarized as follows. On February 5, 2024, the plaintiff was hired by the District as a HVAC technician employee. As part of his employment, the plaintiff parked in an employee parking lot, an open area next to a stadium without any restrictions on public access. The plaintiff, however, kept a registered weapon in his locked glove compartment in his car. The plaintiff alleges that there were no signs in the parking lot warning the plaintiff, or anyone else, that keeping weapons inside vehicles was prohibited. At some point in his employment, the plaintiff gave an unnamed co-worker a ride home, where that co-worker noticed the plaintiff's weapon in the plaintiff's glove compartment. The co-worker subsequently informed school officials of its presence. This disclosure appears to have led to the plaintiff's termination.

The plaintiff alleges that he was then charged criminally for having a registered firearm in his car, although those charges were later

---

[2] The facts are taken from the plaintiff's complaint. (Doc. 1).

withdrawn. He contends, however, that many news outlets reported on his arrest stemming from the firearm. Moreover, the plaintiff alleges that his termination gave rise to harmful rumors that circulated within both the school and in the broader community. He avers that employees and other individuals were led to believe that he was fired for carrying a weapon inside the school, rather than just its possession within his locked car. Therefore, the plaintiff contends that he has failed to find gainful employment in his field because of those rumors and that they have tainted his professional reputation and permanently damaged his employability.

## II.   Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56

(2007)). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)).

## III. Discussion

The District has moved to dismiss both of the plaintiff's claims. We begin with the plaintiff's state law defamation claim, which requires only a brief analysis. The District moves to dismiss the plaintiff's state law defamation claim on the basis that the District is immune from suit for this claim under the Pennsylvania Political Subdivision Tort Claims Act. (Doc. 7, at 11). The plaintiff, however, has failed to respond to the District's contention. *See* (Doc. 9). Courts have consistently found that the filing of a brief in opposition to dismiss that fails to respond to a substantive argument to dismiss a particular claim results in the waiver

- 4 -

or abandonment of that claim. *See Dreibelbis v. Scholton*, 274 Fed. App'x 183, 185 (3d Cir. 2008) (affirming district court's finding of waiver as to an argument where plaintiff had opportunity to address it in his opposition brief but failed to do so); *Levy-Tatum v. Navient Solutions, Inc.,* 183 F. Supp. 3d 701, 712 (E.D. Pa. 2016) (collecting cases); *D'Angio v. Borough of Nescopeck*, 34 F. Supp. 2d 256, 265 (M.D. Pa. 1999) (finding claims waived where plaintiff failed to address defendant's argument in his brief in opposition to a motion to dismiss). Therefore, the plaintiff's abandonment of his claim, by itself, warrants granting the District's motion as to his state law defamation claim. But we must also note that the District's substantive argument is also persuasive. Pennsylvania courts have concluded that "school districts and school superintendents are immune from suit, insofar as the cause of action sounds in defamation … as [n]one of the eight enumerated exceptions to governmental or official immunity set forth in 42 Pa.C.S.A. Section 8542 are … applicable." *Petula v. Mellody*, 631 A.2d 762, 764 (Pa. Cmwlth. Ct. 1993). Therefore, the plaintiff's state law defamation claim will be dismissed with prejudice as amendment of the plaintiff's claim would be futile.

The District also moves to dismiss the plaintiff's Fourteenth

Amendment "stigma-plus" procedural due process claim under 42 U.S.C.
§ 1983. To make out a due process claim for deprivation of a liberty
interest in reputation, a plaintiff must show a stigma to his reputation
plus deprivation of some additional right of interest. *Paul v. Davis*, 424
U.S. 693, 701 (1976); *see also Hill v. Borough of Kutztown*, 455 F.3d 225,
236 (3d Cir. 2006). In the context of public employment, the Third Circuit
has stated:

> [T]he "stigma-plus" test has been applied to mean that
> when an employer "creates and disseminates a false and
> defamatory impression about the employee in
> connection with his termination," it deprives the
> employee of a protected liberty interest. The creation
> and dissemination of a false and defamatory impression
> is the "stigma," and the termination is the "plus." When
> such a deprivation occurs, the employee is entitled to a
> name-clearing hearing. To satisfy the "stigma" prong of
> the test, it must be alleged that the purportedly
> stigmatizing statement(s) (1) were made publicly and (2)
> were false.

*Hill*, 455 F.3d at 236 (citations omitted). Here, we find that the plaintiff's
allegations are insufficient to support his "stigma-plus" procedural due
process claim.

In his statement of facts, the plaintiff alleges that "the School
District's allegations have tainted his professional reputation and done
permanent damage to his employability." (Doc. 1, ¶ 19). He further

- 6 -

contends that those allegations led to a "highly defamatory school wide District in which he was declared a security risk." (*Id.,* ¶ 24). But the plaintiff's allegations leave many questions unanswered. The plaintiff has failed to make clear exactly what allegations made by the District tainted his professional reputation, or how those allegations were made publicly. Indeed, the plaintiff alleges generally that rumors of his termination were spread throughout the District, leading people to believe that the plaintiff was fired for carrying a weapon inside the school, (*Id.,* ¶ 18), and that news outlets additionally disseminated information concerning his termination. (*Id.,* ¶ 17). The plaintiff does not, however, indicate how the District played a role in his reputational harm beyond the mere action of his termination. Therefore, we will grant the District's motion to dismiss on this count as well as the plaintiff has failed to allege sufficient support for his "stigma-plus" procedural due process claim. Nonetheless, we will dismiss the plaintiff's claim without prejudice and allow the plaintiff to file an amended complaint.

## IV.   Conclusion

For the foregoing reasons, we will grant the District's motion to dismiss. The District's motion is granted with prejudice as to the

plaintiff's state law defamation claim and without prejudice as to the plaintiff's stigma-plus" procedural due process claim.

An appropriate order follows.

Dated: June 9, 2026                    *s/Joseph F. Saporito, Jr.*
                                       JOSEPH F. SAPORITO, JR.
                                       United States District Judge